**SIGNED.**



**Dated: August 04, 2005**

*Randolph J. Haines*
_____
**RANDOLPH J. HAINES**
**U.S. Bankruptcy Judge**
_____

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re ) | Chapter 7 |
| ) | |
| MICHAEL T. BARINBAUM, ) | CASE NO. 2-04-02122-RJH |
| ) | |
| Debtor. ) | |
| ) | |
| _____ ) | |
| ) | |
| DALE D. ULRICH, Trustee, ) | |
| ) | |
| Plaintiff, ) | ADVERSARY NO. 04-01269 |
| ) | |
| v. ) | |
| ) | |
| MICHAEL T. BARINBAUM and LYNN ) | MEMORANDUM DECISION ON CROSS |
| BARINBAUM, ) | MOTIONS FOR SUMMARY JUDGMENT |
| ) | |
| Defendants. ) | |
| _____ ) | |

After careful review of the memoranda, statements of facts, affidavits and oral

argument, the Court concludes the Trustee is entitled to partial summary judgment in the amount

of $84,970.74.

The Barinbaums' prenuptial agreement reflects an agreement that they would

each pay their own sole and separate expenses and that they would contribute equally to their

joint expenses. The undisputed facts established that Mike Barinbaum contributed $320,356.10.

Of that amount, Defendants argue only that $24,523.79 should be regarded as Mike's sole and

separate expense, meaning that the balance was his contribution toward joint expenses. But of

that $24,523.79, the undisputed facts also establish that $12,000 was for Lynn's wedding ring

and $2,376.08 was for Lynn's legal expenses, so the amount that should be deducted for Mike's

sole and separate expenses is only $11,547.62.

1    The undisputed facts also established that Lynn contributed only $138,867.  That

2    figure may well be high (*i.e.*, in Defendants' favor), because it may include some expenses that

3    should be regarded as Lynn's sole and separate expenses.  Nevertheless, assuming that Lynn's

4    contribution was entirely for joint expenses, it means that Mike contributed $169,941.48 more

5    toward those joint expenses than did Lynn.  This means Mike did not receive reasonably

6    equivalent value for one half of that amount, or $84,970.74.

7    In their response filed on May 20, 2005, the Defendants made no argument that

8    any amounts charged on Lynn's credit card were Mike's business expenses that were

9    reimbursed by Mike's employer.  That defense was not raised until a reply filed in July.  A party

10   responding to a motion for summary judgment cannot create a fact issue by contradicting

11   himself, and the failure to make that defense in the response raises serious questions as to

12   whether a fact finder should give it any credibility.

13   In any event, the employment expense defense is not adequately supported to

14   defeat summary judgment.  Michael Barinbaum's affidavit merely states that he "routinely"

15   used his wife's credit card for business expenses, but never asserts that *all* of his business

16   expenses were charged to his wife's credit card.  Yet to reach the total $83,192.48 of business

17   expenses he claims in defense, he apparently totaled *all* of the expense reimbursements he

18   requested from his employer for an approximate three year period.  Nowhere did the Defendants

19   attempt to correlate each business expense reimbursement to a charge on Lynn's credit cards.

20   The lack of such correlation and the lack of any affirmative statement that all business expenses

21   were charged to Lynn's credit cards make this defense insufficiently supported to defeat

22   summary judgment.

23   In addition, however, a spot check confirms that not all business expenses for

24   which Mike requested reimbursement were charged to Lynn's credit cards. For example, the

25   business expense reimbursement request for January 2003 reflects charges of $192 on January

26   22 to America West Airlines; $417.87 on January 30 to Marriott; and $221.14 on January 30 to

27   National Car.  These amounts do not appear to be reflected in Lynn's credit card statements,

28   such as the documents Bates stamped 85, 87 and 88, although document 88 does reflect a

2

1  $168.50 charge on January 31 to America West and a $57.37 charge on January 22 to National

2  Car, both of which are reflected on that January 2003 expense reimbursement request.

3            The Court rejects the business expense defense because it was not adequately

4  supported.

5            Based on the foregoing facts and conclusions of law, the Court concludes the

6  Trustee is entitled to partial summary judgment in the amount of $84,970.74.

7            DATED AND SIGNED ABOVE

8

9  Copy of the foregoing faxed
   this 4th day of August, 2005, to:

10

11 Allen D. NewDelman, Esq.
   80 East Columbus Avenue
   Phoenix, AZ 85012

12 Attorney for Debtor/Defendants
   Fax:  (602) 277-0144

13

14 Terry A. Dake, Esq.
   11811 North Tatum Boulevard, Suite 3031

15 Phoenix, AZ 85028-1621
   Attorney for Trustee/Plaintiff

16 Fax: (480) 368-5198

17  /s/ Pat Denk
   Judicial Assistant

18

19

20

21

22

23

24

25

26

27

28

